THE GERMAN NATIONAL BANK OF WAUSAU, WISCONSIN V. JOHN B. MARTIN ET AL.

1. Interpleader is allowed for the protection of one who makes no claim to the subject of the action.  Any other action in the nature of a claim is inconsistent therewith and the pleader must elect between them.
2. Where the indebtedness is a note payable to payee or order, it accrues to the holder by indorsement for value, at maturity, and creditors who serve notices of garnishment upon the payee subsequently to such transfer have no interest in the note.
3. Where these facts appear on the face of the petition and no defense other than relates to the interpleading parties, is made by the payee, the interpleading cross-petitions may be stricken from the files and judgment rendered on the pleadings.

HOSEA, J.

Motion for judgment on the pleadings.

Plaintiff sues as owner of a promissory note executed by the defendant, Martin, on October 1, 1903, payable three months after date, for $1,475, with interest, to Edward Bogen, and endorsed for transfer by Bogen on October 2. Martin answers, admitting the execution of the note to Bogen, presentation at maturity for payment, his refusal to pay the same; and that, as to all other facts set forth in plaintiff's petition, he "neither admits nor denies." Martin then, by way of so-called cross-petition, sets forth that at various dates he was served with notices in garnishment in suits brought by various parties against Bogen, and asks that these parties be made parties hereto and compelled to set up their claims, and that his own interest may be protected.

Plaintiff moves for judgment on the pleedings.

The so-called cross-petition attempting to bring in other parties, is neither drawn nor filed in accordance with the provisions of the practice code, Section 5016, which provides for an affidavit before answer. It neither disaffirms collusion with the third parties alleged to be claimants nor offers to place the fund in control of the court.

The argument by which it is attempted to support the cross-petition upon the continued existence of the old equity form of interpleader, seems to be based on a misunderstanding. The code provision is controlling in the specific cases to which it relates. As said in *Bank of Cadiz* v. *Beebe,* 62 O. S., 45, it was "intended as auxiliary to chancery practice theretofore understood and as directing the practice in the particular classes of cases named," and covers cases such as the one at bar.

But there are other serious objections. While the answer, for reasons to which I shall presently advert, does not in strictness tender an issue, yet it attempts in a modified sense to do so; for the defendant seeks to retain possession of the money, and have his interests protected—whatever that may mean—until the plaintiff litigates with the third parties; and it is questionable whether this course is not a waiver of the right of an interpleader.

An interpleader is permitted for the protection of one who makes no claim to the subject of the action, and submits it to the court, or avers his willingness to do so and also avers that it is without collusion with himself and the party claiming. It is obvious, therefore, that any other action in the nature of a claim, is inconsistent; he must elect between them, and the answer is an election. *Johnson* v. *Oliver et al,* 51 O. S., 20.

The cross-petition, moreover, in this case, is open to obvious criticism on the merits. The coincidence in the dates of the suits mentioned, with the maturity of the note sued upon, and the fact that the garnishment notices were in most cases served after the maturity of, and refusal to pay, the note, are at least suggestive. Moreover, the defendant appears to have answered the garnishee notices in those suits admitting his indebtedness to Bogen, whereas his indebtedness was upon commercial paper to Bogen *or order*. Therefore he could not know to whom he might be indebted at the maturity of the said notes, and it now appears that the note was in fact transferred by endorsement the day after its date. It is manifest, therefore, on the face of the cross-petition, that the parties named have no interest whatever in the note sued upon. *Kinsley* v. *Evans,* 34 O. S., 158.

Under the circumstances, and for the reasons given, the plaintiff will have leave to amend his motion forthwith by interlineation to include the striking out of the entire cross-petition.

Coming now to consider the answer upon the motion for judgment, Section 5320 of the practice code authorizes judgment upon the pleadings wherever the cause of action is not put in issue by the answer filed. By Section 5081 every material allegation of the cross-petition not controverted by the answer shall, for the purposes of the action, be taken as true. The answer here makes no issue of the liability of the defendant on the note.

The motion of the plaintiff as amended is granted. The cross-petition will be stricken from the files; and, upon filing the note, judgment will be entered against the defend-

ant for the amount of the note, with interest as prayed for.

*Stephens, Lincoln & Stephens,* for plaintiff.